Ryan L. McBride, Esq. (16218 UT)
ryan@kazlg.com
KAZEROUNI LAW GROUP, APC
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| **BRADLEY LIGGETT,**<br><br>**Plaintiff,**<br><br>v.<br><br>**UTAH HIGHER EDUCATION ASSISTANCE AUTHORITY.**<br><br>**Defendant.** | Case No.: 2:20-cv-00124-CW<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I.  **FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, *ET SEQ*.; AND,**<br><br>II. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1, *ET SEQ*.**<br><br>Judge: Clark Waddoups<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**
-1-

Plaintiff, BRADLEY LIGGETT ("Plaintiff"), alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of defendant, UTAH HIGHER EDUCATION ASSISTANCE AUTHORITY ("Defendant"), with regard to inaccurate credit reporting by Defendant.

3. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

4. Unless otherwise stated, all of the conduct engaged in by Defendant took place in either Utah or California.

5. Any violations by Defendant were knowing, willful, and intentional,

and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## JURISDICTION & VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendant's violations of (i) Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq. ("FCRA"); and, (ii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. ("CCCRAA").

9. Because Defendant conducts business within the State of Utah, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. §1391 because Defendant is headquartered in Salt Lake City, Utah.

## PARTIES

11. Plaintiff is a natural person residing who resides in the County of San Luis Obispo, State of California and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Defendant operates within the State of Utah; and, Defendant is a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

13. Defendant is also a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

14. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff is an individual residing within the State of California.

16. Plaintiff obtained student loans from Defendant for Plaintiff's education.

17. Sometime thereafter, Defendant reported these loans to Plaintiff's credit report as five separate tradelines.

18. In October 2018, Plaintiff and his wife began the home buying process and ultimately found their dream home in November 2018.

19. On November 8, 2018, Plaintiff learned for the first time that Defendant reported 60 and 90 day late payments to Experian Information Solutions, Inc.; Equifax Information Services, LLC; and, Trans Union LLC, between December 2012 and January 2013.

20. During this time period; however, Plaintiff had received approval from Defendant for a series of deferments and forbearances due to Plaintiff's unemployment status and continuing education.

21. Immediately thereafter, Plaintiff submitted a written dispute directly to Defendant via e-mail on November 9, 2018 as a result of these inaccuracies.

22. Defendant's inaccuracies initially caused Plaintiff to be rejected for his home.

23. In December 2018, Plaintiff eventually was approved for a mortgage but at inferior terms in order to avoid losing his home.

24. Since Plaintiff did not receive a response to his November 9, 2018 e-mail, Plaintiff then submitted additional written disputes directly to Defendant in February and March 2019.

25. Unfortunately, these additional disputes were also ignored by Defendant.

26. In May 2019, Plaintiff's mortgage broker informed Plaintiff that a refinance could save Plaintiff approximately $1,000 per month if Plaintiff's credit had improved since Plaintiff's December 2018 purchase.

27. Plaintiff reviewed Plaintiff's credit report from MyFICO on June 3, 2019 and determined that Defendant was continuing to report inaccurate information regarding Plaintiff's loan payments.

28. Plaintiff immediately submitted additional disputes to Defendant so that Plaintiff could attempt to benefit from the proposed refinance.

29. One June 18, 2019, Defendant sent Plaintiff a letter that stated the following:

> After careful review of your account, it can be verified that the negative UHEAA reports on 12/31/2012 and 01/31/2013 were incorrect. The update was transmitted to the credit bureaus on 02/12/2019.

30. In an abundance of caution, Plaintiff also submitted detailed written disputes to each of the credit bureaus as well as Defendant on June 19, 2019 via certified mail.

31. Following receipt, Defendant was required to conduct a reasonable reinvestigation into these specific accounts on Plaintiff's consumer report pursuant to 15 U.SC. § 1681s-2(b)(1)(A).

32. Despite receipt of Plaintiff's disputes and Defendant's own June 18, 2019 admission that the delinquencies were reporting inaccurately, Defendant verified said inaccurate reporting.

33. Accordingly, Defendant failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and incorrect information.

34. Defendant failed to review all relevant information provided by Plaintiff in the dispute to the credit bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

35. Due to Defendant's failure to reasonably investigate, Defendant further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

36. By inaccurately reporting account information after notice and confirmation of its errors, Defendant failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

37. Through this conduct, Defendant has violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Defendant knew or should know was inaccurate.

38. Plaintiff's continued efforts to correct Defendants' erroneous and negative reporting by communicating Plaintiff's dispute with the credit bureaus were fruitless.

39. Defendant's continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendant's knowledge of the actual error was willful.

40. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was reckless.

41. Defendants' failure to correct the previously disclosed inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information.

42. Accordingly, Defendant willfully and negligently failed to comply with Defendant's duties to reasonably investigate Plaintiff's dispute.

43. Defendant's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

44. Subsequently, Plaintiff attempted to obtain goods and/or services only available to consumers with satisfactory credit reports.

45. However, said goods and/or services were denied to Plaintiff due in part to Defendant's tradelines on Plaintiff's credit reports.

46. Said tradelines has affected Plaintiff negatively due to the reporting of multiple delinquencies.

47. Plaintiff was forced to obtain a mortgage at less favorable terms than Plaintiff otherwise qualified for without this derogatory information.

48. In addition, Plaintiff was also unable to obtain funding for the purchase of an investment property due to Defendant's inaccurate reporting.

49. Defendant's conduct has caused Plaintiff emotional distress; financial turmoil; and, marital disputes.

50. The repeated and continuous violations described herein have caused Plaintiff unnecessary stress and anxiety.

51. Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because the derogatory credit information mischaracterizes Plaintiff as someone that avoids Plaintiff's financial obligations and significantly harms Plaintiff's credit score.

52. As a direct and proximate result of Defendant's willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees,

loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials.

53. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendant's inaccurate and derogatory information, without success.

54. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

55. By intentionally reporting continuing obligations, Defendant acted in conscious disregard for Plaintiff's rights.

56. To report an ongoing obligation despite Defendant's own admissions to the contrary shows that Defendant took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

57. Since these efforts were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

## COUNT I:

### VIOLATION OF THE FAIR CREDIT REPORTING ACT,

### 15 U.S.C §§ 1681, *ET SEQ*. (FCRA)

58. Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

59. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

60. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant.

61. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than

$1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

## COUNT II:
### VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1 *ET SEQ*.

62. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

64. In the regular course of its business operations, Defendant routinely furnishes information to credit reporting agencies pertaining to transactions between Defendant and Defendant's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

65. Because Defendant is a partnership, corporation, association, or other entity, and are therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

66. Since Defendant received all documents required to determine the inaccuracy of Defendant's reporting, Defendant should have known to update said reporting.

67. Defendant also should have determined that Defendant's reporting was inaccurate through review of Defendant's own account notes and records.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that the Court grant Plaintiff the following relief against Defendant:

### COUNT I:

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.

68. Defendant also should have determined that Defendant's reporting was inaccurate through review of Defendant's own account notes and records.

69. An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against each Defendant for each incident of negligent noncompliance of the FCRA;

70. An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against each Defendant for each incident of negligent noncompliance of the FCRA;

71. An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendant for each incident of willful noncompliance of the FCRA;

72. An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against each Defendant for each incident of willful noncompliance to the FCRA;

73. An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against each Defendant for each incident of noncompliance of the FCRA.

## COUNT II:

### VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1 *ET SEQ.*

74. An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against each Defendant for each incident of noncompliance of the FCRA.

75. An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against Defendants;

76. An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B) against UHEAA;

77. Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against Defendants;

78. Punitive damages according to proof as to the CCCRAA; and, FCRA against each Defendant;

79. For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b); and,

80. Any and all other relief the Court deems just and proper.

### TRIAL BY JURY

81. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demands, a trial by jury.

Respectfully Submitted,

Dated:  February 24, 2020                KAZEROUNI LAW GROUP, APC

By:   */s Ryan L. McBride*
Ryan L. McBride, Esq.
*Attorney for Plaintiff*